UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE LEE GRIFFIN, JR.,

                Petitioner,         Case No. 2:18-cv-13013
                                                Hon. Denise Page Hood
v.

MARK MCCULLICK,

                Respondent.
_____/

**OPINION AND ORDER (1) SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND, (2) DENYING MOTION FOR EQUITABLE TOLLING, (3) DENYING CERTIFICATE OF APPEALABILITY, AND (4) DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS**

This is a habeas case brought by a Michigan prisoner under 28 U.S.C. § 2254. Jimmie Lee Griffin, Jr., ("Petitioner"), was convicted after a jury trial in the Jackson Circuit Court of first-degree murder, assault with intent to commit murder, discharging a firearm in an occupied dwelling, carrying a concealed weapon, and possession of a firearm during commission of a felony. Petitioner was sentenced to a non-parolable life term for the murder conviction and lesser terms for his other convictions.

The petition asserts six grounds for relief: (1) the jury verdict form did not give the jury the option of finding Petitioner not guilty of count one, (2)

there was insufficient evidence presented to sustain Petitioner's murder and assault convictions, (3) the jury instructions on the lesser offense of manslaughter were inadequate, (4) Petitioner did not voluntarily waive his right to testify in his own defense, (5) trial counsel was ineffective for failing to preserve the foregoing claims, and (6) appellate counsel was ineffective for failing to raise the foregoing claims on direct appeal.

The Court finds that the petition is subject to summary dismissal for failure to comply with the one-year statute of limitations. 28 U.S.C. § 2244(d). The Court will also deny Petitioner a certificate of appealability and deny permission to appeal in forma pauperis.

## I. Background

Petitioner was convicted of the above offenses on July 8, 1994. Petitioner filed a claim of appeal in the Michigan Court of Appeals. His appellate brief raised a single claim of ineffective assistance of counsel. The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished opinion. *People v. Griffin*, 1997 Mich. App. LEXIS 1115 (June 24, 1997). It does not appear that Petitioner pursued his direct appeal in the Michigan Supreme Court.

Over fifteen years later, on February 22, 2013, Petitioner filed a motion

for relief from judgment in the state trial court. The motion raised what now form Petitioner's habeas claims. The trial court denied the motion for relief from judgment on January 7, 2014. Dkt. 1, App. A. Petitioner appealed this decision, but the Michigan Court of Appeals denied his application for leave to appeal on October 28, 2016. *People v. Griffin*, No. 334727 (Mich. Ct. App. Oct. 28, 2016); Dkt. 1, App. B. Petitioner appealed to the Michigan Supreme Court, but that court also denied leave to appeal by order dated July 25, 2017. *People v. Griffin*, No. 154966 (Mich. Sup. Ct. July 25, 2017); Dkt. 1, App. C.

On September 19, 2018, over another year after the Michigan Supreme Court order, Petitioner signed and dated his federal habeas petition. Dkt. 1, at 13.

## II. Standard of Review

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally

insufficient on its face"). A preliminary question in a habeas case brought by a state prisoner is whether the petitioner complied with the one-year statute of limitations. "[D]istrict courts are permitted . . . to consider *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough,* 547 U.S. 198, 209 (2006). Such consideration is appropriate here because Petitioner raises the issue of the statute of limitations himself in his motion for equitable tolling which he filed along with his habeas petition. See Dkt. 3.

### III. Discussion

A one-year period of limitation applies to habeas corpus petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). The limitation runs from the latest of four possible starting points, but only one of them is implicated by the current petition.[1]

The starting point relevant here is the date the state court judgment became final by the conclusion of direct review or when the time for seeking such review expired. § 2244(d)(1)(A). The expiration of time for seeking direct review in Petitioner's case was on August 19, 1997, after the 56-day time limit for filing an application for leave to appeal in the Michigan Supreme Court on

---

[1] Petitioner's claims do not allege a state court impediment to filing his habeas petition, § 2244(d)(1)(B), do no rely on any new Supreme Court cases, § 2244(d)(1)(C), and do not rely on newly discovered facts. § 2244(d)(1)(D).

4

direct review expired. See *Ross v. McKee*, 465 F. App'x 469, 473 (6th Cir. 2012). The limitations period expired one year later on August 19, 1998.

Petitioner filed his state post-conviction review proceeding on February 22, 2013, and it lasted until July 25, 2017, when the Michigan Supreme Court denied relief. Such a state post-conviction review proceeding would normally toll the limitations period under 28 U.S.C. § 2244(d)(2). But the limitations period had been expired for over fourteen years before Petitioner filed his post-conviction review proceeding. See *Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002); *Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). In fact, Petitioner concedes that the limitations period expired before he filed his habeas petition. Dkt. 3, at ¶ 10.

The petition is therefore time-barred unless Petition demonstrates grounds for equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). A petitioner is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. (internal quotation marks omitted). The party seeking equitable tolling bears the burden of proving that he is entitled to it. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).

Petitioner's motion for equitable tolling asserts that he is entitled to

equitable tolling because: 1) Petitioner was personally unaware of the statute of limitations, 2) Petitioner does not have a high school education and has a mental impairment, 3) Petitioner received the Michigan Court of Appeals decision on June 24, 1997, 4) Petitioner relied on newly discovered evidence in filing his motion for relief from judgment, and 5) Petitioner's claims involve serious constitutional violations. Dkt. 3, at ¶ 11.

None of these factors constitute grounds for equitably tolling the statute of limitations. The fact that Petitioner has a limited education and is untrained in the law, or may have been unaware of the statute of limitations for a period of time does not warrant tolling. See *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (pro se status is not an extraordinary circumstance); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (illiteracy is not a basis for equitable tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements).

Petitioner makes a conclusory allegation that he suffers from a mental impairment, but he makes no effort to demonstrate the nature of the impairment, nor has he indicated how it actually prevented him from

complying with the limitations period. "[A] blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required." *Ata v. Scutt*, 662 F.3d 736, 742. (6th Cir. 2011)).

Finally, while Petitioner asserts that his claims rely on newly discovered evidence, the argument is not borne out by his petition. His claims involve the jury verdict form, the sufficiency of the evidence, the jury instructions, his own failure to testify, and the effectiveness of his counsel for failing to preserve these claims. All of these claims concern matters that occurred at trial and are part of the trial record. He presented nothing to the state courts in his motion for relief from judgment that with due diligence could not have been presented either on direct review, or in a more timely manner on collateral review. Petitioner simply has not alleged the existence of extraordinary circumstances justifying equitable tolling for the over fourteen years that elapsed between the expiration of the one-year deadline and the date he began state post-conviction review. Even then, Petitioner waited over another year (from July 25, 2017, to September 19, 2018) between the end of state post-conviction review and the time he commenced this action.

Accordingly, the Court will summarily dismiss the petition for writ of

habeas corpus, and deny Petitioner's motion for equitable tolling.

## IV. Certificate of Appealability

Before Petitioner may appeal, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. See *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. Having undertaken the requisite review, the court concludes that jurists of reason could not debate the Court's procedural ruling. A certificate of appealability will therefore be denied.

Leave to appeal in forma pauperis is denied because an appeal of this order could not be taken in good faith. 18 U.S.C. § 1915(a)(3).

## V. Order

For the foregoing reasons, **IT IS ORDERED** that the petition for writ of habeas corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that Petitioner's Application to Proceed Without Prepaying Fees or Costs (#2) is **MOOT**.

**IT IS FURTHER ORDERED** that Petitioner's motion for equitable tolling (#3) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability and permission for leave to appeal in forma pauperis are **DENIED**.

s/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: December 11, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 11, 2018, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager